LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation

W. SCOTT ZANZIG, ISB #9361
BRIAN V. CHURCH, ISB # 9391
Deputy Attorneys General
954 W. Jefferson Street, 2nd Floor
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
scott.zanzig@ag.idaho.gov
brian.church@ag.idaho.gov
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| GREGORY GRAF, an individual, <br> MARGUERITE SHAW, an individual, <br> SUELLEN CARMAN, an individual, <br> STEVEN THYBERG, an individual, and <br> CAROLYN DESSIN, an individual, <br><br> Plaintiffs, <br> v. <br><br> CHAD CHRISTENSEN, Idaho State Representative for Legislative District 32B and Candidate for Legislative District 35B, <br><br> Defendant. | Case No. 4:22-cv-00212-REP <br><br> **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

This case is moot. Representative Christensen has unblocked Plaintiffs from the "Re-Elect Rep. Chad Christensen" Facebook page. He will not re-block them through the time his term as an elected representative ends, which is November 30, 2022. Because this case is no longer justiciable, it should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 1

## BACKGROUND

Plaintiffs filed a complaint against Representative Christensen. *See* Dkt. 1, ¶¶ 1-5, 7. The suit concerns a Facebook page, "Re-Elect Rep. Chad Christensen." *See id.*, ¶ 14; *see also id.*, ¶¶ 12-26 (Plaintiffs' averments regarding the Facebook page). Plaintiffs alleged they were "all Facebook users who have been blocked by Defendant or his agents from accessing the Facebook page and/or commenting on the Facebook page." *Id.*, ¶ 25. Plaintiffs sought declaratory relief regarding the Facebook page's status as a public forum and regarding "Defendant's action of blocking Plaintiffs from the Facebook page." *Id.*, ¶ 41.a.-c.; *see also id.*, Prayer for Relief, ¶ 1. They also sought "[i]njunctive relief requiring Defendant to unblock Plaintiffs from the Facebook page, and prohibiting Defendant from blocking Plaintiffs and others from accessing and commenting on the Facebook page based upon viewpoint." *Id.*, Prayer for Relief, ¶ 2.

Representative Christensen is currently serving a term as a member of the Idaho House of Representatives, representing Legislative District 32. *See id.*, ¶¶ 7, 10. Representative Christensen's term ends November 30, 2022. Idaho Const. art. III, § 3. Earlier this year, Representative Christensen ran in the Republican Primary to secure the Republican nomination to retain his seat, although now representing Legislative District 35.[1] *See* Dkt. 1, ¶¶ 7, 11. Representative Christensen was unsuccessful. Declaration of Chad Christensen (Christensen Decl.), ¶ 3. More than a month-and-a-half after the May 17, 2022 primary and the May 12th filing of the Complaint, Plaintiffs served Representative Christensen. Dkt. 3; Dkt. 1 at 9.

Subsequently, Representative Christensen unblocked the five Plaintiffs from his Facebook page. Christensen Decl., ¶ 4. Representative Christensen will not re-block the five Plaintiffs from

---

[1] The legislative districts in Idaho were reapportioned. For background on the reapportionment of legislative districts, see *Durst v. Idaho Commission for Reapportionment*, 169 Idaho 863, 505 P.3d 324 (2022), *cert. pending sub nom.*, *Ada County v. Idaho Comm'n for Reapportionment*, Docket No. 22-46.

accessing or commenting on the Re-Elect Rep. Chad Christensen Facebook page at least until his term as a representative expires on November 30, 2022. *Id.*

## LEGAL STANDARD

This Court's jurisdiction is limited to cases or controversies. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). The Plaintiff must show a "'personal stake,' in the outcome of the action." *Id.* (citations omitted). "This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Id.* "A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at 71-72 (internal quotation marks and citations omitted). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* at 72 (internal quotation marks and citation omitted). When mootness is asserted, "[t]he basic question is whether there exists a present controversy as to which effective relief can be granted." *People of Village of Gambell v. Babbitt*, 999 F.2d 403, 406 (9th Cir. 1993) (internal quotation marks and citation omitted).

Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge the justiciability of an action before the Court. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). A motion to dismiss under Rule 12(b)(1) may assert either a facial or factual attack. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). A facial attack relies on the allegations of the complaint, while in a factual attack "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 3

## DISCUSSION

Plaintiffs have been unblocked from the Re-Elect Rep. Chad Christensen Facebook page. And it is absolutely clear from Representative Christensen's sworn declaration that he will not re-block Plaintiffs between now and the expiration of his term as an elected representative. There is no longer effective relief that this Court can grant Plaintiffs, and as such this case must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

1. With respect to Plaintiffs' requested injunctive relief, Representative Christensen has unblocked all five Plaintiffs from his Facebook page. Christensen Decl., ¶ 4. This is the relief Plaintiffs wanted—to be unblocked from the Re-Elect Rep. Chad Christensen Facebook page. This moots the requested injunctive relief. *See, e.g., Idaho Rivers United v. Hudson*, 173 F. Supp. 3d 1027, 1031 (D. Idaho 2016). Moreover, it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *See Friends of the Earth, Inc. v. Laidlaw Env'tl Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Assn., Inc.*, 393 U.S. 199, 203 (1968)). Representative Christensen, whose term as an elected official ends in approximately four months, has sworn he will not block the Plaintiffs from accessing or commenting on the Re-Elect Rep. Chad Christensen Facebook page for the period while he remains an elected representative. Christensen Decl., ¶ 4. These facts, considered in their totality, make clear that this case is truly moot. *Cf. Native Village of Nuiqsut v. BLM*, 9 F.4th 1201, 1215 (9th Cir. 2021).

This case has analogies to a case recently decided by the Second Circuit, *Wagschal v. Skoufis,* 857 F. App'x 18 (2d Cir. Apr. 22, 2021) (summary order). There, the Second Circuit affirmed the determination that Wagschal's requested injunctive and declaratory relief were moot after he was unblocked from a senator's Facebook page. *Id*. at 21. There, the senator had unblocked

Wagschal after the action had commenced and before filing a motion to dismiss. *Wagschal v. Skoufis*, 442 F. Supp. 3d 612, 617 (S.D.N.Y. 2020). In two declarations, the senator had told the court that "he does not intend to ban or block [Wagschal's] access to the Senator's Facebook page again at any time in the future." 857 F. App'x at 20 (alteration in Second Circuit order). Like Wagschal, Plaintiffs have been restored access to the Re-Elect Rep. Chad Christensen Facebook page, Representative Christensen has sworn he will not block them while he remains a representative, and "injunctive relief will not provide [Plaintiffs] any cognizable benefit." *See id.*

One last point. Plaintiffs request injunctive relief "prohibiting Defendant from blocking Plaintiffs *and others* from accessing and commenting on the Facebook page." Dkt. 1, Prayer for Relief, ¶ 2 (emphasis added). The Complaint contains neither facts nor allegations that Representative Christensen or his agents have blocked other individuals from the Facebook page. *See id.*, ¶¶ 25-26. The Complaint thus fails to state a claim on behalf of "others," and is deficient for failing to comply with Rule 8(a). Fed. R. Civ. P. 12(b)(6); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the more important issue is that Plaintiffs lack standing to assert, in this non-class action, claims of other parties. *See, e.g., Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009).

2.  Plaintiffs also sought declaratory relief regarding the Facebook page's status as a public forum and regarding "Defendant's action of blocking Plaintiffs from the Facebook page." Dkt. 1, Prayer for Relief, ¶ 1. However, now that Plaintiffs have been unblocked and Representative Christensen has sworn to not block them again through November 30, 2022, declaratory relief would no longer be effective. Plaintiffs obtained their ultimate objective: being unblocked from the Re-Elect Rep. Chad Christensen Facebook page. *See Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007) (holding declaratory relief "would serve no

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 5

purpose" where the plaintiff obtained its "ultimate objective"). Additionally, the original conduct at issue—Plaintiffs' blocks from the Facebook page—has now "evaporated." *Cf. id.* (citation omitted). Without a live controversy and without effective relief, the request for declaratory relief is moot. *See id.*

For these reasons, the Court should dismiss Plaintiffs' Complaint as non-justiciable.

DATED: July 27, 2022

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL

By: */s/ W. Scott Zanzig*
    W. SCOTT ZANZIG
    Deputy Attorney General

---

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of July, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jared W. Allen
BEARD ST. CLAIR GAFFNEY PA
allen@beardstclair.com

    */s/ W. Scott Zanzig*
    W. SCOTT ZANZIG
    Deputy Attorney General